**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LOWELL LEATHERMAN** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:16-CV-03205** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY AND** | § | |
| **SARAH WEST** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Travelers Lloyds of Texas Insurance Company, a defendant in the above entitled and numbered cause, and files this its notice of removal, and in support thereof would respectfully show unto this Honorable Court as follows:

**I.
STATE COURT ACTION**

This case was initially filed in the 278th Judicial District Court of Walker County, Texas.  The state court action is styled: Cause No. 1628017; <u>Lowell Leatherman v. Travelers Lloyds of Texas Insurance Company and Sarah West</u>, in the 278th Judicial District Court of Walker County, Texas.

**II.
PARTIES**

The plaintiff, Lowell Leatherman, is, upon information and belief, an individual citizen and resident of Walker County, Texas.

The defendant, Travelers Lloyds of Texas Insurance Company ("Travelers"), is an unincorporated insurance association, comprised of individual underwriters, authorized to conduct business in Texas as a "Lloyds Plan" insurer under the Texas

Insurance Code.  All of Travelers' underwriters reside in and are citizens of the State of Connecticut and none of Travelers' underwriters reside in or are citizens of Texas.

The defendant, Sarah West ("West"), is an individual citizen and resident of the State of Texas.  Significantly, however, West, and the plaintiff's claims against West, have been improperly joined.  Accordingly, West's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.

### III.
### JURISDICTION

This Court has jurisdiction over the subject matter of this cause pursuant to 28 U.S.C. § 1332 because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and represents a dispute for which the underlined properly joined parties are citizens of different states.  Here, the plaintiff has improperly joined West to this suit.  As such, West's Texas citizenship should be disregarded when determining whether this Court has diversity jurisdiction over the plaintiff's claims against Travelers.  As the plaintiff is a resident and citizen of Texas and Travelers is a citizen of Connecticut, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1441 and § 1446 and the case law construing and applying same.

**A. The doctrine of improper joinder is an exception to the rule of complete diversity entitling a defendant to remove to a federal forum unless an in-state defendant has been properly joined.**

A defendant may remove an action to federal court if that court would have original jurisdiction over the case.  28 U.S.C. § 1441(a).  To establish subject-matter jurisdiction based on diversity, complete diversity of citizenship must exist among the

parties, and the amount in controversy must exceed $75,000.00.  28 U.S.C. § 1332. However, under the doctrine of improper joinder, a case may be removed despite the presence of a non-diverse defendant if that defendant was joined improperly, i.e., without a legal basis to do so.  Barclay v. State Farm Lloyds, 2015 U.S. Dist. LEXIS 38091, at *3 (S.D. Tex. 2015).  "The doctrine of improper joinder…prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant."  Dalton v. State Farm Lloyd's, Inc., 2013 U.S. Dist. LEXIS 86490, *14-15 (S.D. Tex. 2013).  Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction.  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court.  Smallwood, 385 F.3d at 573. Defendants claiming improper joinder based on the latter standard must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant."  Barclay, 2015 U.S. Dist. LEXIS 38091, at *4.  A "reasonable basis" means more than a mere hypothetical basis.  Centro Cristiano Cosecha Final, Inc. v. Ohio Ca. Ins. Co., 2011 U.S. Dist. LEXIS 6541 (S.D. Tex. 2011).  A mere theoretical possibility of recovery is insufficient.  Barclay, 2015 U.S. Dist. LEXIS 38091, at *4.

To assess whether a plaintiff has a reasonable basis of recovery under state law, "the court may conduct a [FED. R. CIV. P.] 12(b)(6)-type analysis, looking initially at the

allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573.

**B. The plaintiff has failed to allege a reasonable basis for the Court to predict the plaintiff can recover against West.**

As shown below, the plaintiff has failed to allege any specific facts against West that would lead to individual liability and has thus failed to allege a reasonable basis for predicting that state law would allow recovery against West.   Instead, the plaintiff has articulated only non-specific and conclusory allegations against West together with near-verbatim quotations of statutory provisions the plaintiff claims West violated in an effort to defeat diversity jurisdiction.   In essence, the plaintiff's factual allegations against West fail to identify anything West did wrong other than estimate the plaintiff's alleged loss to be less than what the plaintiff desired.

While certain paragraphs in the plaintiff's original petition appear to be directed at West, for the most part they merely track the statutory provisions the plaintiff claims West violated.   See plaintiff's first amended petition and request for disclosure at ¶¶ 55– 74.   The only allegations relating to West that are arguably factual are found in paragraph nos. 15–17, which read as follows:

15. Travelers assigned or hired West to adjust the claim.

    a. West had a vested interest in undervaluing the claims assigned to him by Travelers in order to maintain her employment.   The disparity in the number of damaged items in her report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of West.   The valuation of damages that were included in West's report compared to Plaintiff's public adjuster's is also evidence of fraud on the part of West.

    b. Furthermore, West was aware of Plaintiff's deductible before visiting the Property to conduct the inspection.   West had advanced knowledge of what amount of damages she needed to

find in order to either deny the claim or find the claim below the
deductible.

c.  West made misrepresentations as to the amount of damage
Plaintiff's Property sustained as well as misrepresentations
regarding how much it would cost to repair the damage to
Plaintiff's Property.

d.  West made further misrepresentations to Plaintiff during her
inspection.   West used her expertise to fabricate plausible
explanations for why visible damage to Plaintiff's Property would
not be covered under the policy.

16.  Travelers, though its agents, namely West, conducted a substandard
and improper inspection and adjustment of the Property, which
yielded grossly inaccurate and unrealistic assessments of the cause,
extent, and dollar amount of damage to the Property.

17.  The initial adjustment of the claim occurred on or around May 30,
2016.   West found that there was $1,719.55 in damage from a
covered peril to the gutters and awnings of the property.

See id. at ¶¶ 15-17.   All other allegations in the plaintiff's first amended petition

specifically against West merely track the language of the various statutory provisions

the plaintiff claims West violated.   See id. at ¶¶ 55–74.  As discussed below, federal

district courts in Texas, including in the Southern District of Texas, routinely hold that

allegations made against an adjuster functionally similar to the ones made against West

herein are insufficient to allege a reasonable basis for the court to predict that a plaintiff

may be able to recover against the adjuster, and have thus denied remand.   See, e.g.,

Young v. Travelers Pers. Sec. Ins. Co., 2016 U.S. Dist. LEXIS 105397 (S.D. Tex. 2016);

Johnson v. Travelers Home & Marine Ins. Co., 2016 U.S. Dist. LEXIS 99281 (S.D. Tex.

2016); Barclay, 2015 U.S. Dist. LEXIS 38091; Okenkpu v. Allstate Tex. Lloyd's, 2012

U.S. Dist. LEXIS 41705 (S.D. Tex. 2012.)

**C. Courts in the Southern District have found improper joinder on
numerous occasions in cases nearly identical to this one.**

5

Courts in the Southern District of Texas have found improper joinder in cases nearly identical to this one involving nearly identical allegations against an adjuster defendant on the ground that the plaintiff failed to establish a cause of action against the adjuster.  See e.g. Johnson, 2016 U.S. Dist. LEXIS 99281 (Miller, J.) (remand denied because plaintiff failed to establish a cause of action against the adjuster defendant who allegedly performed an outcome oriented and unreasonable investigation); Young, 2016 U.S. Dist. LEXIS 105397 (Harmon, J.) (remand denied because the plaintiff failed to establish a reasonable basis for the Court to predict that the plaintiff might be able to recover against the adjuster when he alleged that the adjuster made numerous errors in estimating the value of the plaintiff's claim which were designed to intentionally minimize and underpay the loss incurred by the plaintiff); Barclay, 2015 U.S. Dist. LEXIS 38091 (Miller, J.) (remand denied in part because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly found and made up excuses to delay and deny paying the plaintiff's claim, made false statements pertaining to coverage of insurance, failed to properly adjust the claim, and summarily denied the claim with obvious knowledge and evidence of a covered peril); Okenkpu, 2012 U.S. Dist. LEXIS 41705 (Harmon, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly conducted substandard inspections of the plaintiff's property and spent an insufficient amount of time inspecting the property as evidenced by his report which failed to include all of the damages noted upon inspection and grossly undervalued those damages); Centro Cristiano Cosecha Final, Inc., 2011 U.S. Dist. LEXIS 6541 (Harmon, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who

allegedly failed to fully quantify the plaintiff's damages, conduct a thorough investigation of the claim, fairly evaluate and adjust the plaintiff's claim, and provide the plaintiff with a reasonable explanation as to why the insurance company was not compensating the plaintiff for the full value of the plaintiff's covered losses); <u>Finkelman v. Liberty Mut. Fire Ins. Co.</u>, 2010 U.S. Dist. LEXIS 56813 (S.D. Tex. 2010) (Lake, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly was assigned to adjust the plaintiff's claim and, together with the insurance company, wrongfully denied the plaintiff's claim for property repairs, underpaid some of the plaintiff's claim by not providing full coverage under the policy, and underestimated damages during her investigation); <u>Centaurus Gf Cove v. Lexington Ins. Co.</u>, 2010 U.S. Dist. LEXIS 67391 (S.D. Tex. 2010) (Miller, J) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly traveled to the property site in question and conducted an inadequate investigation regarding the damages).

Judge Miller's recent July 29, 2016 opinion in <u>Johnson</u> is particularly instructive when, as in this case, the question is whether the plaintiff's allegations against the individual adjuster defendant contain sufficient facts to establish a claim for relief that is plausible on its face. <u>Johnson</u>, 2016 U.S. Dist. LEXIS 99281, at *4. Significantly, in <u>Johnson</u>, Judge Miller identified many of the same allegations that have been made in this case, and held that the allegations were "not pled with enough specificity to distinguish particular facts from legal conclusions." <u>Id.</u> at *6. Those allegations include:

<u>This case</u>:

"Travelers assigned or hired West to adjust the claim."  <u>See</u> plaintiff's first amended petition at ¶ 15.

<u>Johnson</u>:

"Travelers assigned Nice to adjust this claim."  2016 U.S. Dist. LEXIS 99281, at *5.

<u>This case</u>:

"Travelers, through its agents, namely West, conducted a substandard and improper inspection and adjustment of the property…."  <u>See</u> plaintiff's amended petition at ¶ 16.

<u>Johnson</u>:

"Nice did not properly assess all damages caused by the Storm and omitted covered damages…."  <u>Johnson</u>, 2016 U.S. Dist. LEXIS 99281, at *5.

<u>This case</u>:

"West found that there was $1,719.55 in damage from a covered peril . . . . The damage to Plaintiff's Property is currently estimated at $50,951.02.  <u>See</u> plaintiff's amended petition at ¶ 17-19.

<u>Johnson</u>:

"Nice refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy."  <u>Johnson</u>, 2016 U.S. Dist. LEXIS 99281, at *5.

<u>This case</u>:

8

"Travelers, through its agents, namely West, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property." See plaintiff's amended petition at ¶ 16.

Johnson:

"The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated."   Johnson, 2016 U.S. Dist. LEXIS 99281, at *6.

In holding the foregoing allegations in Johnson insufficient to establish a claim to relief that is plausible on its face, Judge Miller noted that a plaintiff's "obligation to provide the grounds for his entitlement to relief requires more than mere labels and conclusions." Johnson, 2016 U.S. Dist. LEXIS 99281, at *5.  A similar determination and result should attain in this case.

This case is also similar, if not substantively identical, to the recently decided Young case.  See Young, 2016 U.S. Dist. LEXIS 105397.  In Young, the plaintiffs sought remand after Travelers removed the case contending the adjuster defendant was improperly joined.  Id. at *4.  In support of their motion to remand, the plaintiff argued that the facts alleged in his original petition were sufficient to establish a cause of action against the [the adjuster]."  Id. at *8.  Specifically, the plaintiff alleged in his petition that the adjuster "made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss

incurred by the Plaintiff." Id. at *9.  The plaintiff also alleged that the adjuster's conduct constituted multiple violations of the Texas Insurance Code, that the adjuster is individually liable for his unfair and deceptive acts, and that the defendants knowingly and recklessly made false representations as to material facts and/or knowingly concealed material information from the plaintiff.  Id.  The court noted these statements were conclusory and lacked the factual specificity necessary to state a claim.  Id. at *10. Accordingly, the court denied the plaintiffs' motion to remand and dismissed the adjuster defendant with prejudice as improperly joined.  Id., at *13.

Here, the plaintiff's factual claims against West are as follows:

15. Travelers assigned or hired West to adjust the claim.

    e.  West had a vested interest in undervaluing the claims assigned to him by Travelers in order to maintain her employment.  The disparity in the number of damaged items in her report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of West.  The valuation of damages that were included in West's report compared to Plaintiff's public adjuster's is also evidence of fraud on the part of West.

    f.  Furthermore, West was aware of Plaintiff's deductible before visiting the Property to conduct the inspection.  West had advanced knowledge of what amount of damages she needed to find in order to either deny the claim or find the claim below the deductible.

    g.  West made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

    h.  West made further misrepresentations to Plaintiff during her inspection.  West used her expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

16. Travelers, though its agents, namely West, conducted a substandard and improper inspection and adjustment of the Property, which

yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17. The initial adjustment of the claim occurred on or around May 30, 2016.   West found that there was $1,719.55 in damage from a covered peril to the gutters and awnings of the property.

See plaintiff's first amended petition at ¶¶ 15–17.   As was the case in Young, these allegations are conclusory and lack the specificity necessary to state a claim under Texas law.

In addition to being similar to the allegations made against the adjuster defendant in the recently decided Johnson and Young cases, the plaintiff's allegations against West are similar to allegations made against the adjuster defendants in Okenkpu, Centro Cristiano Cosecha Final, Inc., Barclay, Finkelman, and Centaurus Gf Cove. Here, the plaintiff claims, in essence, that West was assigned to adjust the claim, conducted a substandard investigation and improper inspection of the property which yielded inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the property.   See plaintiff's first amended petition at ¶ 15–17.   These allegations are similar, if not identical, to the allegations found in the cases cited and discussed herein in which remand was denied on the ground that the plaintiff failed to allege a reasonable basis for the court to predict that the plaintiff could recover. Based on these authorities, the plaintiff's claims against West have been improperly joined and West's citizenship should be disregarded for the purpose of assessing diversity jurisdiction with respect to the plaintiff's claims against Travelers.

**D. This case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company" the insurance adjuster to avoid removal.**

11

As Judge McBryde in the Northern District of Texas judge recently noted in a 2016 case similar, if not substantively identical, to the case at hand, this case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court." Patel v. Acceptance Indem. Ins. Co., 2016 U.S. Dist. LEXIS 10300, *7 (N.D. Tex. Jan. 28, 2016).  In Patel, the plaintiff filed suit against Acceptance Indemnity Insurance Company and adjuster Charles Payne related to an insurance coverage dispute arising out of a storm. Id. at *1-2.  Acceptance removed the case to federal court alleging that the Northern District had subject matter jurisdiction by reason of diversity of citizenship.  Id. at *2.  Acceptance contended that the Texas citizenship of Payne should be disregarded because he was not properly joined as a defendant.  Id.  The plaintiff then filed a motion to remand, which the court ultimately denied.  Id. at 1-2.  In doing so, the court reasoned that the plaintiff's allegations were related to the investigation and estimation of damages, while the plaintiff's claims arose out of an alleged breach by the insurer of its duty and the insurer's denial of the claim.  Id. at *8.  The court further reasoned that:

> [w]hile it is true that plaintiff's complaint includes what appear to be factual allegations related to [the adjuster], a close analysis discloses that they are nothing more than mere conclusions.  No facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of the conduct of [the adjuster], bearing in mind that ultimately [the insurance company], not [the adjuster], was responsible for insurance coverage.

Id. at *9.

The case at issue here bears striking resemblance to <u>Patel</u>. Here, as in <u>Patel</u>, the plaintiff's allegations against West relate only to her investigation and estimation of damages, while the plaintiff's claims against Travelers relate to Travelers' alleged breach and denial of the claim. <u>See id.</u> at *8. Also, as in <u>Patel</u>, a close analysis of the plaintiff's allegations reveal that "[n]o facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of the conduct of [West], bearing in mind that ultimately [Travelers], not [West], was responsible for insurance coverage." <u>See id.</u> at *9. Ultimately, this case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court." <u>See id.</u> at *7.

Based on <u>Patel</u> and all other authorities cited herein, the plaintiff's claims against West have been improperly joined and West's citizenship should be disregarded for the purpose of assessing diversity jurisdiction with respect to the plaintiff's claims against Travelers.

## IV.
## TIMELINESS

Travelers was served with process and the plaintiff's original petition on October 7, 2016. Thirty days have not elapsed since Travelers was served with process. Accordingly, pursuant to 28 U.S.C. § 1446, this notice of removal is timely and proper.

## V.
## ATTACHMENTS

Pursuant to 28 U.S.C. § 1446(a), Local Rule 3, and Local Rule 81, the following exhibits are attached hereto and incorporated herein by reference for all purposes:

a. Exhibit A:   Civil action cover sheet;

b. Exhibit B:   Copies of all executed processes in the case, if any;

c. Exhibit C:   Copies of all pleadings asserting causes of action and all answers to such pleadings;

d. Exhibit D:   Copies of all orders signed by the state court judge, if any;

e. Exhibit E:   A copy of the state court docket sheet;

f. Exhibit F:   An index of matters being filed;

g. Exhibit G:   A list of all counsel of record, including addresses, telephone numbers, and parties represented; and

h. Exhibit H:   Sarah West's consent to removal.

## VI.
## CONDITIONS PRECEDENT

The defendant has tendered the filing fee required by the Clerk of the United States District Court for the Southern District of Texas, Houston Division, along with this notice of removal. A copy of this notice of removal is also being filed in the 278th Judicial District Court of Walker County, Texas, and all counsel of record are being provided with complete copies.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully requests that the above action, styled: Cause No. 1628017; <u>Lowell Leatherman v. Travelers Lloyds of Texas Insurance Company and Sarah West</u>, in the 278th Judicial District Court of Walker County, Texas, be removed to this Court.

14

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
wwise@obt.com

ATTORNEYS FOR DEFENDANTS,
TRAVELERS LLOYDS OF TEXAS
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 31st day of October, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also forwarded it to all known counsel of record by Certified Mail, Return Receipt Requested.

/s/ Greg C. Wilkins
Greg C. Wilkins