# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LOWELL LEATHERMAN** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:16-CV-03205** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY AND** | § | |
| **SARAH WEST** | § | |

**DEFENDANT'S NOTICE OF REMOVAL
EXHIBIT C: COPIES OF PLEADINGS ASSERTING
<u>CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Travelers Lloyds of Texas Insurance Company, a defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.



**CORPORATION SERVICE COMPANY**

SOP / ALL
**Transmittal Number: 15721215**
**Date Processed: 10/07/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Pamela Beyer<br>The Travelers Companies, Inc.<br>385 Washington Street,  9275-LC12L<br>Saint Paul, MN 55102 |

| | |
|---|---|
| **Entity:** | Travelers Lloyds of Texas Insurance Company<br>Entity ID Number  2379977 |
| **Entity Served:** | Travelers Lloyds of Texas Insurance Company |
| **Title of Action:** | Lowell Leatherman vs. Travelers Lloyds of Texas Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Walker County District Court, Texas |
| **Case/Reference No:** | 1628017 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/07/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscglobal.com

| CLERK OF THE COURT | PLAINTIFF OR ATTORNEY FOR PLAINTIFF |
|---|---|
| ROBYN FLOWERS, District Clerk<br>1100 University Ave, Suite 209<br>Huntsville, Texas  77340<br>(936) 436-4972 | CHAD T. WILSON<br>1322 SPACE PARK DRIVE SUITE A155<br>HOUSTON TX 77058<br>832-415-1432 |

### CAUSE NO. 1628017

### T H E   S T A T E   O F   T E X A S
### CITATION FOR PERSONAL SERVICE

**NOTICE TO DEFENDANT:** "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by Ten O'clock (10:00) A.M. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

| TO: | TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY- - - DEFENDANT<br>C/O CORPORATION SERVICE COMPANY, 211 EAST 7TH STREET, SUITE 620, AUSTIN, TX<br>78701-3218 |
|---|---|

**GREETINGS:**  You are hereby commanded to appear before the  **278th District Court** of Walker County, Texas, to be held at the Courthouse of said County in Huntsville, Walker County, Texas, by filing a written answer to Original Petition (OCA) at or before Ten o'clock (10:00) A.M. on the Monday next after the expiration of twenty (20) days after the date of service hereof, a copy of **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE.** Which accompanies this citation in Cause Number 1628017, filed on the docket of said Court on this date: **October 04, 2016** , and styled,

**LOWELL LEATHERMAN VS. TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY AND ARNULFO ESCAMILLA**

The officer executing this writ shall serve the same according to the requirements of law, and the mandates thereof, and make due return as the law directs.
Issued and given under my hand and seal of said Court at Huntsville, Texas, this date: **October 05, 2016**

**ROBYN FLOWERS, DISTRICT CLERK**
WALKER COUNTY, TEXAS

By: _____ Deputy

### CERTIFICATE  OF DELIVERY BY CERTIFIED MAIL

Came to hand and executed on the October 05, 2016 mailing the same to **Travelers Lloyds of Texas Insurance Company** Defendant by registered or certified mail, return receipt requested, a true copy of this citation with a copy of the petition were attached thereto.

**CERT MAIL# 7016 1370 0001 4410 8498**

Robyn Flowers,  District Clerk

Walker County, Texas

By _____ Deputy



1628017

CAUSE NO. _____

| | | |
|---|---|---|
| LOWELL LEATHERMAN, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | WALKER COUNTY, TEXAS |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY | § | |
| and ARNULFO ESCAMILLA, | § | Walker County - 278th District Court |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Lowell Leatherman, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Travelers Lloyds of Texas Insurance Company ("Travelers Lloyds of Texas Insurance Company") and Arnulfo Escamilla ("Escamilla") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Lowell Leatherman, resides in Walker County, Texas.

3. Defendant, Travelers Lloyds of Texas Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Travelers Lloyds of Texas Insurance Company through its registered agent for service: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**. Plaintiff requests service at this time.

Filed: 10/4/2016 5:53:41 PM
Robyn M. Flowers
District Clerk
Walker County, Texas

Melissa Fuentes

4.      Defendant Arnulfo Escamilla is an individual resident of Houston, Texas.  Escamilla may

be served with citation at the address listed with the Texas Department of Insurance: **2121**

**Brittmoore Road, Suite 1500, Houston, Texas 77043**.  Plaintiff requests service at this

time.

## JURISDICTION

5.      The Court has jurisdiction over Travelers Lloyds of Texas Insurance Company because

this Defendant engages in the business of insurance in the State of Texas, and the causes

of action arise out of Travelers Lloyds of Texas Insurance Company's business activities

in the state, including those in Walker County, Texas, with reference to this specific case.

6.      The Court has jurisdiction over Escamilla because this Defendant engages in the business

of adjusting insurance claims in the State of Texas, and the causes of action arise out of

this Defendant's business activities in the State of Texas, including those in Walker

County, Texas, with reference to this specific case.

## VENUE

7.      Venue is proper in Walker County, Texas because the insured property is located in Walker

County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred

in Walker County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.      Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of

the Texas Insurance Code, violations of the Texas DTPA, negligence, and gross

negligence.

9.      Plaintiff owns a Travelers Lloyds of Texas Insurance Company ("Travelers")

homeowner's insurance policy, number 979834284-676-1 ("the Policy").  At all relevant

times, Plaintiff owned the insured premises located at 22 Golf View Manor, Huntsville, Texas 77340 ("the Property").

10. Travelers or its agent sold the Policy, insuring the Property, to Plaintiff. Travelers or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home. Travelers has refused the full extent of that coverage currently owed to Plaintiff.

11. On or about January 8, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Huntsville, Texas area.

12. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Travelers against the Policy for damage to the Property. Travelers assigned claim number HZD1930 to Plaintiff's claim.

13. Plaintiff asked Travelers to cover the cost of damage to the Property pursuant to the Policy.

14. Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, HVAC system, courtyard, and deck. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: two bathrooms and their skylights, a hallway, an office, the office bathroom and closet, and garage.

15. Travelers assigned or hired Escamilla to adjust the claim.

   a. Escamilla had a vested interest in undervaluing the claims assigned to him by Travelers in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of Escamilla. The valuation of damages that were included in Escamilla's report compared to Plaintiff's public adjuster's is also

3

evidence of fraud on the part of Escamilla.

    b. Furthermore, Escamilla was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Escamilla had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

    c. Escamilla made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

    d. Escamilla made further misrepresentations to Plaintiff during his inspection. Escamilla used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

16. Travelers, through its agents, namely Escamilla, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17. The initial adjustment of the claim occurred on or around May 30, 2016. Escamilla found that there was $1,719.55 in damage from a covered peril to the gutters and awnings of the property.

18. After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home

19. To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $50,951.02.

20. Since due demand was made on July 28, 2016, Travelers has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered

under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

21.   As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Travelers failed to provide full coverage due under the Policy.

22.   As a result of Travelers' failure to provide full coverage, along with Travelers' delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

23.   Travelers failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Travelers refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

24.   Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Travelers and Plaintiff.

25.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

26.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

5

27. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Travelers, through its agents, servants, and representatives, namely Escamilla, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

28. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

29. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

30. Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY

### BREACH OF CONTRACT

31. All allegations above are incorporated herein.

32. Travelers is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then,

that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Travelers and Plaintiff.

33.   Travelers' failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34.   All allegations above are incorporated herein.

35.   Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

36.   Travelers' unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.   Travelers' unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.   Travelers' unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.     Travelers' unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

40.     Travelers' unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41.     All allegations above are incorporated herein.

42.     Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

43.     Travelers' failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44.     Travelers' delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.     All allegations above are incorporated herein.

46.     Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

8

47.   Travelers' failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Travelers knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48.   All allegations above are incorporated herein.

49.   Travelers' conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Travelers pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Travelers.   Specifically, Travelers' violations of the DTPA include, without limitation, the following matters:

A.   By its acts, omissions, failures, and conduct, Travelers' has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Travelers' violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Travelers represented to Plaintiff that the Policy and Travelers' adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

9

C.   Travelers also represented to Plaintiff that the Policy and Travelers' adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, Travelers advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Travelers breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Travelers' actions are unconscionable in that Travelers took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Travelers' unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Travelers' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.   Each of the above-described acts, omissions, and failures of Travelers is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**FRAUD**

51.   All allegations above are incorporated herein.

52.   Travelers is liable to Plaintiff for common law fraud.

10

53.     Each and every misrepresentation described above concerned material facts that absent

        such representations, Plaintiff would not have acted as Plaintiff did, and Travelers knew its

        representations were false or made recklessly without any knowledge of their truth as a

        positive assertion.

54.     Travelers made the statements intending that Plaintiff act upon them.  Plaintiff then acted

        in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting

        common law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT ARNULFO ESCAMILLA

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

55.     All allegations above are incorporated herein.

56.     Escamilla's conduct constitutes multiple violations of the Texas Insurance Code, Unfair

        Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

57.     Escamilla is individually liable for his unfair and deceptive acts, irrespective of the fact

        that he was acting on behalf of Travelers, because Escamilla is a "person," as defined by

        TEX. INS. CODE §541.002(2).

58.     Escamilla knowingly underestimated the amount of damage to the Property.  As such,

        Escamilla failed to adopt and implement reasonable standards for the investigation of the

        claim arising under the Policy.  TEX. INS. CODE §542.003(3).

59.     Furthermore, Escamilla did not attempt in good faith to effect a fair, prompt, and equitable

        settlement of the claim.  TEX. INS. CODE §542.003(4).

60.     Escamilla's unfair settlement practice of failing to provide Plaintiff a prompt and

        reasonable explanation of the basis in the Policy, in relation to the facts or applicable law,

11

for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

61. Escamilla's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

62. All allegations above are incorporated herein.

63. Escamilla's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Escamilla pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Escamilla. Specifically, Escamilla's violations of the DTPA include the following matters:

A. By this Defendant's acts, omissions, failures, and conduct, Escamilla has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Escamilla's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. Escamilla represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

12

C.    Escamilla represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Escamilla's actions are unconscionable in that Escamilla took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Escamilla's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.    Escamilla's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64.    Each of Escamilla's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Escamilla, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## FRAUD

65.    All allegations above are incorporated herein.

66.    Travelers assigned or hired Escamilla to adjust the claim.

a.    Escamilla had a vested interest in undervaluing the claims assigned to him by Travelers in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of Escamilla. The valuation of damages that were included in Escamilla's report compared to Plaintiff's public adjuster's is also evidence of fraud on the part of Escamilla.

13

    b.  Furthermore, Escamilla was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Escamilla had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below deductible.

    c.  Escamilla made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

## NEGLIGENCE

67.    All allegations above are incorporated herein.

68.    Escamilla was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

    a.  Failure to conduct a reasonable inspection;

    b.  Failure to include covered damage that would be discovered as a result of reasonable inspection;

    c.  Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

    d.  Failure to identify the cost of proper repairs to Plaintiff's Property; and

    e.  Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

69.    Escamilla's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

70.    At all relevant times, Escamilla was an agent or employee of Defendant Travelers.

71.   Escamilla's unreasonable inspection was performed within the course and scope of his duties with Defendant Travelers. Therefore, Travelers is also liable for the negligence of Escamilla through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

72.   All allegations above are incorporated herein.

73.   Escamilla's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

   a.   Escamilla's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

   b.   Escamilla had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

74.   Escamilla intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of Travelers. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Public Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

75.   Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

76.   Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

77.   Since the claim was made, Travelers has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy.   This has caused undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

78.   Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.   Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations.   Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.   Plaintiff suffered damages as a result.

79.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.   The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

80.   For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

81.   The damage to Plaintiff's Property is currently estimated at $50,951.02.

16

82. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

84. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Travelers owed, and exemplary damages.

85. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

86.     For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

89.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

90.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a

jury consisting of citizens residing in Walker County, Texas. Plaintiff hereby tenders the

appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Travelers Lloyds of Texas Insurance Company and Arnulfo

Escamilla, be cited and served to appear, and that upon trial hereof, Plaintiff, Lowell Leatherman,

has and recovers from Defendants, Travelers Lloyds of Texas Insurance Company and Arnulfo

Escamilla, such sums as would reasonably and justly compensate Plaintiff in accordance with the

rules of law and procedure, as to actual, consequential, and treble damages under the Texas

Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and

exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees

for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for

pre-judgment and post-judgment interest as allowed by law; and for any other and further relief,

at law or in equity, to which Plaintiff, Lowell Leatherman, may show himself justly entitled.

[SIGNATURE PAGE TO FOLLOW]

19

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Christian E. Hawkins
Bar No. 24092499
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
chawkins@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF



CERTIFIED MAIL



**ROBYN FLOWERS**
Walker County District Clerk
1100 University Ave., Suite 209
Huntsville, Texas 77340

7016 1370 0001 4410 8498

neopost
10/05/2016
US POSTAGE

FIRST-CLASS MAIL

$07.57⁰

ZIP 77340
041L12202622

RETURN RECEIPT
REQUESTED

Travelers Lloyds of Texas Insurance Company
c/o Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701-3218

CAUSE NO. 1628017

| | | |
|---|---|---|
| LOWELL LEATHERMAN, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | WALKER COUNTY, TEXAS |
| TRAVELERS LLOYDS OF TEXAS | § | |
| INSURANCE COMPANY | § | |
| and SARAH WEST, | § | |
| | § | |
| Defendants. | § | 278th DISTRICT COURT |

_____

## PLAINTIFF'S FIRST AMENDED PETITION
## AND REQUEST FOR DISCLOSURE

_____

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Lowell Leatherman, ("Plaintiff"), and files **Plaintiff's First Amended Petition and Request for Disclosure**, complaining of Travelers Lloyds of Texas Insurance Company ("Travelers Lloyds of Texas Insurance Company") and Sarah West ("West") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Lowell Leatherman, resides in Walker County, Texas.

3. Defendant, Travelers Lloyds of Texas Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas. Travelers Lloyds of Texas Insurance Company has been served a copy of the Original Petition through its registered agent for service. Plaintiff now awaits an answer to the Petition.

4. Defendant Sarah West is an individual resident of Houston, Texas. West may be served

Filed: 10/26/2016 4:18:34 P
Robyn M. Flowers
District Clerk
Walker County, Texas
Brandy Roberson

with citation at the address listed with the Texas Department of Insurance**: 4650 Westway Park Boulevard, Houston, Texas 77041-2007**.  Plaintiff requests service at this time.

### JURISDICTION

5.     The Court has jurisdiction over Travelers Lloyds of Texas Insurance Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Travelers Lloyds of Texas Insurance Company's business activities in the State of Texas, including those in Walker County, Texas, with reference to this specific case.

6.     The Court has jurisdiction over West because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Walker County, Texas, with reference to this specific case.

### VENUE

7.     Venue is proper in Walker County, Texas because the insured property is located in Walker County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Walker County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

8.     Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, violations of the Texas DTPA, negligence, and gross negligence.

9.     Plaintiff owns a Travelers Lloyds of Texas Insurance Company ("Travelers") homeowner's insurance policy, number 979834284-676-1 ("the Policy").  At all relevant

times, Plaintiff owned the insured premises located at 22 Golf View Manor, Huntsville, Texas 77340 ("the Property").

10. Travelers or its agent sold the Policy, insuring the Property, to Plaintiff. Travelers or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home. Travelers has refused the full extent of that coverage currently owed to Plaintiff.

11. On or about January 8, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Huntsville, Texas area.

12. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Travelers against the Policy for damage to the Property. Travelers assigned claim number HZD1930 to Plaintiff's claim.

13. Plaintiff asked Travelers to cover the cost of damage to the Property pursuant to the Policy.

14. Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, HVAC system, courtyard, and deck. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: two bathrooms and their skylights, a hallway, an office, the office bathroom and closet, and garage.

15. Travelers assigned or hired West to adjust the claim.

    a. West had a vested interest in undervaluing the claims assigned to him by Travelers in order to maintain her employment. The disparity in the number of damaged items in her report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of West. The valuation of damages that were included in West's report

compared to Plaintiff's public adjuster's is also evidence of fraud on the part of West.

    b. Furthermore, West was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. West had advanced knowledge of what amount of damages she needed to find in order to either deny the claim or find the claim below the deductible.

    c. West made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

    d. West made further misrepresentations to Plaintiff during her inspection. West used her expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

16. Travelers, through its agents, namely West, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17. The initial adjustment of the claim occurred on or around May 30, 2016. West found that there was $1,719.55 in damage from a covered peril to the gutters and awnings of the property.

18. After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home

19. To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $50,951.02.

20.     Since due demand was made on July 28, 2016, Travelers has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

21.     As stated above, Defendants failed to assess the claim thoroughly.  Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Travelers failed to provide full coverage due under the Policy.

22.     As a result of Travelers' failure to provide full coverage, along with Travelers' delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

23.     Travelers failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Travelers refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

24.     Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Travelers and Plaintiff.

25.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).  Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy.  Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

5

26.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

27.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy.  Specifically, Travelers, through its agents, servants, and representatives, namely West, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

28.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

29.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

30.   Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY

### BREACH OF CONTRACT

31.     All allegations above are incorporated herein.

32.     Travelers is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Travelers and Plaintiff.

33.     Travelers' failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34.     All allegations above are incorporated herein.

35.     Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

36.     Travelers' unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

37.     Travelers' unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was

reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

38.     Travelers' unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

39.     Travelers' unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

40.     Travelers' unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

41.     All allegations above are incorporated herein.

42.     Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

43.     Travelers' failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44.     Travelers' delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.     All allegations above are incorporated herein.

46.     Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

47.     Travelers' failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Travelers knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

48.     All allegations above are incorporated herein.

49.     Travelers' conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Travelers pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Travelers.  Specifically, Travelers' violations of the DTPA include, without limitation, the following matters:

A.      By its acts, omissions, failures, and conduct, Travelers' has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Travelers' violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the

9

doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.     Travelers represented to Plaintiff that the Policy and Travelers' adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.     Travelers also represented to Plaintiff that the Policy and Travelers' adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.     Furthermore, Travelers advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.     Travelers breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.     Travelers' actions are unconscionable in that Travelers took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Travelers' unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.     Travelers' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.     Each of the above-described acts, omissions, and failures of Travelers is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**FRAUD**

51.     All allegations above are incorporated herein.

52.     Travelers is liable to Plaintiff for common law fraud.

53.     Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Travelers knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54.     Travelers made the statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

**CAUSES OF ACTION AGAINST DEFENDANT SARAH WEST**

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

55.     All allegations above are incorporated herein.

56.     West's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

57.     West is individually liable for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of Travelers, because West is a "person," as defined by TEX. INS. CODE §541.002(2).

11

58.   West knowingly underestimated the amount of damage to the Property.  As such, West failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

59.   Furthermore, West did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

60.   West's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

61.   West's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

62.   All allegations above are incorporated herein.

63.   West's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by West pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against West. Specifically, West's violations of the DTPA include the following matters:

  A.     By this Defendant's acts, omissions, failures, and conduct, West has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  West's violations include, (1)

12

failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.     West represented to Plaintiff that the Policy and her adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.     West represented to Plaintiff that the Policy and her adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.     West's actions are unconscionable in that West took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   West's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.     West's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64.   Each of West's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by West, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

13

**FRAUD**

65.  All allegations above are incorporated herein.

66.  Travelers assigned or hired West to adjust the claim.

    a.  West had a vested interest in undervaluing the claims assigned to him by Travelers in order to maintain her employment. The disparity in the number of damaged items in her report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of West. The valuation of damages that were included in West's report compared to Plaintiff's public adjuster's is also evidence of fraud on the part of West.

    b.  Furthermore, West was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. West had advanced knowledge of what amount of damages she needed to find in order to either deny the claim or find the claim below deductible.

    c.  West made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

**NEGLIGENCE**

67.  All allegations above are incorporated herein.

68.  West was negligent in her actions with regard to her adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

    a.  Failure to conduct a reasonable inspection;

14

b.  Failure to include covered damage that would be discovered as a result of reasonable inspection;

c.  Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

d.  Failure to identify the cost of proper repairs to Plaintiff's Property; and

e.  Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

69.  West's acts and/or omissions constitute negligence. Her conduct was therefore a proximate cause of the damages sustained by Plaintiff.

70.  At all relevant times, West was an agent or employee of Defendant Travelers.

71.  West's unreasonable inspection was performed within the course and scope of her duties with Defendant Travelers. Therefore, Travelers is also liable for the negligence of West through the doctrine of respondeat superior.

### GROSS NEGLIGENCE

72.  All allegations above are incorporated herein.

73.  West's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

a.  West's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

b.  West had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

15

74.     West intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of Travelers. Her estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Public Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

75.     Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

76.     Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

77.     Since the claim was made, Travelers has not properly compensated Plaintiff for all necessary repairs required, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

78.     Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the

misrepresentations.   Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiff suffered damages as a result.

79.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

80.     For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

81.     The damage to Plaintiff's Property is currently estimated at $50,951.02.

82.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

84.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of

duty, such as additional costs, economic hardship, losses due to nonpayment of money Travelers owed, and exemplary damages.

85.     Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

86.     For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that

Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

89.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

90.     Plaintiff has requested a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Walker County, Texas.  Plaintiff has tendered the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Travelers Lloyds of Texas Insurance Company and Sarah West, be cited and served to appear, and that upon trial hereof, Plaintiff,  Lowell Leatherman, has and recovers from Defendants, Travelers Lloyds of Texas Insurance Company and Sarah West, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-

19

judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Lowell Leatherman, may show himself justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Christian E. Hawkins
Bar No. 24092499
Kimberly N. Blum
Bar No. 24092148
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
chawkins@cwilsonlaw.com
kblum@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## CAUSE NO. 1628017

| | | |
|---|---|---|
| **LOWELL LEATHERMAN** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **WALKER COUNTY, TEXAS** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY AND** | § | |
| **SARAH WEST** | § | **278TH DISTRICT COURT** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Travelers Lloyds of Texas Insurance Company, a defendant in the above entitled and numbered cause, and files this its original answer to the plaintiff's original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendant hereby generally denies the allegations contained in the plaintiff's petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus asserts its privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendant notifies all parties to this lawsuit of the defendant's intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendant specifically reserves the right to amend its answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims it may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, defendant, Travelers Lloyds of Texas Insurance Company, moves and prays the Court that upon trial hereof, the plaintiff recover nothing, and that the defendant go hence with its costs, and for such other and further relief, both general and special, legal and equitable, to which defendant may show itself justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/  Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24095299
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
TRAVELERS LLOYDS OF TEXAS
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 31st day of October, 2016, I electronically filed the foregoing with the Jefferson County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/  Greg C. Wilkins
Greg C. Wilkins

2